NO. 07-03-0158-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A





APRIL 16, 2003



_________________________


 


WALTER DAILEY, APPELLANT



V.



WAYNE TURNER, ET AL., APPELLEES




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 86287-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 Appellant filed his notice of appeal from the trial court's judgment that he take
nothing in his suit against appellees. By letter dated April 3, 2003, the Court directed
appellant's counsel to pay the required filing fee of $125 before any further action could
be taken in this appeal and also requested that a docketing statement be filed as required
by Rule 32.1 of the Texas Rules of Appellate Procedure. The Court also notified appellant
that failure to comply might result in dismissal pursuant to Rule 42.3(c). In response,
appellant's counsel sent a letter indicating that appellant has relocated without notifying
him of a forwarding address or any contact information. Counsel concludes that he will be
unable to prosecute appellant's appeal and requests that this appeal be dismissed.

 Although the filing of the notice of appeal invoked the jurisdiction of this Court, if a
party fails to follow the prescribed rules of appellate procedure, the appeal may be
dismissed. Tex. R. App. P. 25.1(b). Thus, because the filing fee has not been paid and
counsel indicates that appellant is unable to prosecute this appeal, we must dismiss.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure. Tex. R. App. P. 42.3(c).

 Don H. Reavis 

 Justice




1. Tex. R. App. P. 47.2(a).


UnhideWhenUsed="true"
 DefSemiHidden="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0303-CR

NO. 07-10-0304-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 30, 2010

 

______________________________

 

 

DAYMON LAMAR JOHNS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R.
WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            In exchange for a guilty plea, in
2007, Appellant, Daymon Lamar Johns, was convicted in
cause number 56,483-E of evading arrest with a vehicle and sentenced to two
years confinement and a $1,000 fine.[1]  Appellant's sentence was suspended in favor
of five years community supervision.  In
2009, in exchange for a guilty plea, in cause number 58,725-E, Appellant was
granted deferred adjudication community supervision for five years for
possession of a controlled substance in a drug-free zone.[2]  On March 19, 2010, the State filed an Amended
Motion to Revoke Order for Community Supervision in cause number 56,483-E and
an Amended Motion to Proceed with Adjudication of Guilt on Original Charge in
cause number 58,725-E alleging violations of the terms and conditions of
community supervision.  Appellant entered
pleas of true in both causes and the trial court revoked community supervision
and sentenced Appellant to two years in a state jail facility plus a $1,000
fine in cause number 56,483-E.  The trial
court also adjudicated Appellant guilty of possession of a controlled substance
in a drug-free zone and sentenced him to nine years confinement and a $1,000
fine in cause number 58,725-E.  The trial
court ordered the sentence in cause number 56,483-E to run consecutively to the
sentence in cause number 58,725-E. 

When the clerks' records were filed on August 17, 2010, it
came to the Court=s attention that the record in cause
number 58,725-E did not contain a Trial Court=s Certification of Defendant=s Right of Appeal as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure and
that the record in cause number 56,483-E contained two separate certifications,
neither of which is signed by Appellant as required by Rule 25.2(d).[3]

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court=s Certification of Defendant=s Right of Appeal in compliance with Rule 25.2(d) in each
cause referenced herein.  Once properly
completed and executed, the certifications shall be included in supplemental
clerks' records.  See Tex. R. App.
P. 34.5(c)(2). 
The trial court shall cause the supplemental clerks' records to be filed
with the Clerk of this Court by September 29, 2010.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certifications.  If
supplemental clerks' records containing proper certifications are not filed in
accordance with this order, these causes will be referred to the Court for
dismissal.  See Tex. R. App. P.
25.2(d). 

It is so ordered.

Per
Curiam

Do not publish.

 

 

 

                                                                                    

 











[1]Tex.
Penal Code Ann. § 38.04(b)(1)(B) (Vernon Supp. 2009).





[2]Tex. Health & Safety Code Ann. § 481.134 (Vernon 2010).

 





[3]As of September 1, 2007, a defendant must sign and
receive a copy of the certification.